1  Kevin A. Darby (NVSB #7670)
2  Tricia M. Darby (NVSB #7956)
   DARBY LAW PRACTICE, LTD.
3  4777 Caughlin Parkway
   Reno, Nevada 89519
4  Phone: (775)322-1237
   Facsimile: (775) 996-7290
5  kad@darbylawpractice.com
6  Attorney for Debtor

7                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF NEVADA
8

9   In re:                              Case No.: BK-N-18-51435-btb
                                        Chapter 11
10  SHAUN DONALD RORY MCLEAN,

11         Debtor.                      **MOTION: (1) TO SELL REAL PROPERTY
                                        FREE AND CLEAR OF LIENS (WITH
12                                      CERTAIN EXISTING LIENS ATTACHING
                                        TO NET SALE PROCEEDS) PURSUANT
13                                      TO 11 U.S.C. §363; AND (2) FOR ORDER
                                        DIRECTING THE TURNOVER OF NET
14                                      SALE PROCEEDS PURSUANT TO 11
                                        U.S.C. §542**
15

16                                      Hearing Date:   March 12, 2019
                                        Hearing Time:   11:00 a.m.
17  _____ /

18         Debtor, SHAUN DONALD RORY MCLEAN, by and through his counsel, Kevin A. Darby,

19  ESQ., hereby move this Court for an order authorizing the sale of the Debtor's real property located

20  at 20 rue de Miromesnil, Paris, France 75008 (the "Miromesnil Property") for a total purchase price

21  of 1,175,000 € [$1,324,399] (the "Motion").  This Motion is made pursuant to 11 U.S.C. §363 and

22  Fed. R. Bankr. P. 2002(a)(2) and 6004 and is supported by the declaration of Shaun Donald Rory

23  McLean (the "McLean Declaration") and the following points and authorities.  A proposed order

24  granting this Motion is attached hereto as Exhibit 1.

25  ///

26  ///

27  ///

28

## POINTS AND AUTHORITIES

### I.    SUMMARY OF PROPOSED SALE

This Motion seeks an order approving Debtor's sale of the Miromesnil Property to BW GROUPE ("BW") pursuant to the terms of the Promesse De Vente (the "Purchase Agreement") attached to the McLean Declaration as Exhibit 1, for 1,175,000€ ($1,324,399).  The sale shall be free and clear of all liens and claims under 11 U.S.C. §363(f), with a certain disputed lien attaching to the proceeds of the sale pending resolution of the underlying disputed claim.

Any party interested in bidding on the purchase of the Miromesmil Property must pre-qualify for bidding by providing proof of available funds sufficient to complete the purchase of the Miromesnil Property.  In order to be a qualified bidder, proof of funds shall be provided to Counsel for the Debtor by no later than three (3) business days before the hearing on this Motion.

### II.    FACTUAL BACKGROUND

1.    On December 21, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2.    Schedule A to Debtor's bankruptcy petition lists and values the Miromesnil Property at $1,200,000.

3.    The Miromesnil Property is encumbered by a first priority lien claim in favor of Baratte for past-due homeowners association dues

4.    The Schedule D to Debtor's bankruptcy petition lists a disputed and unliquidated claim asserted by VP Bank in the amount of $3,704,952.02 (the "VP Bank Claim"). Prior to the Petition Date, on March 23, 2018, VP Bank asserted a pre-judgment lien called a provisoirement une hypothèque (a provisional mortgage) against the Miromesnil Property (the "VP Bank Lien").  The Debtor also asserts a claim against VP Bank.

5.  On or about April 9, 2018, pre-petition, Debtor accepted an offer from BW to purchase the Miromesnil Property for 1,175,000€.  Attached to the McLean Declaration as Exhibit 1 is a true and correct copy of the Purchase Agreement between the Debtor and BW.

6.  The Debtor seeks authority to pay the costs of sale, including escrow fees, taxes and syndic (HOA) fees (the "Costs of Sale"), estimated as follows:

| Payee | Amount | Notes |
|---|---|---|
| Barattte | $20,000 | Syndic (HOA fees) |
| tbd | $825 | Escrow trustee fees |
| Paris/France | $106,925 | Plus Value Tax (capital gains) |
| tbd | $6,340 | SARF fees (tax representative) |
| Paris/France | $10,150 | Frais de Mainlevée (transfer tax) |
| tbd | $150 | Copies |
| **Total** | **$144,390** | |

7. After paying the above listed Costs of Sale, estimated at $144,390, the net sales proceeds are estimated to total $1,180,009 (the "Net Sale Proceeds").

8. The Debtor further seeks an order directing the turnover and surrender of the Net Sales Proceeds to the Debtor's bankruptcy estate and the jurisdiction of this Court. The Net Sales Proceeds shall be deposited, held and frozen in the bankruptcy estate's debtor in possession bank account, and remain subject to this Court's jurisdiction pending resolution of VP Bank's underlying claim, or further order of this Court.

## II.     JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). The basis for the relief sought herein is Section 363 of the Bankruptcy Code, Bankruptcy Rule 6004. Venue of the Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.     LEGAL ARGUMENT

### A. The Proposed Sale Should Be Approved Under 11 U.S.C. §363(b)(1) As Being A Proper Exercise of the Debtor's Business Judgment.

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Courts have uniformly held that approval of a proposed sale of a Debtor's assets outside the ordinary course of business and prior to the confirmation of a plan of reorganization is appropriate if a court finds that sound business reasons justify the transaction. See Committee of Equity Security Holders v. Lionel Corp, (In re Lionel Corp.), 722 F.2d 1063-1069-71 (2d Cir. 1983); Walter Sunwest Bank (In re Walter), 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988); see also Fulton State Bank v. Schipper, 933 F.2d 513, 515 (7th Cir. 1991) (stating "[u]nder Section 363, the debtor in possession can sell property

-3-

1    of the estate outside the ordinary course of business if he has an articulated business justification.")

2    (citations omitted); Stephens Indus. Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986) (stating

3    "a bankruptcy court can authorize a sale of all a Chapter 11 Debtor's assets under §363(b)(1) when

4    a sound business purpose dictates such action"); In re Phoenix Steel Corp., 82 B.R. 334, 335-36

5    (Bankr. D. Del. 1987) (finding elements necessary for approval of a 363 sale in a Chapter 11 case

6    are "that the proposed sale is fair and equitable, that there is a good business reason for completing

7    the sale and the transaction is in good faith").

8         Once the Debtor articulate a valid business justification, a presumption arises that "in making

9    a business decision the directors of a corporation acted on an informed basis, in good faith and in

10   the honest belief that the action was in the best interests of the company."  In re. Integrated

11   Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (internal quotations omitted).  The Debtor's

12   business judgment "should be approved by the court unless it is shown to be so manifestly

13   unreasonable that it could not be based upon sound business judgment, but only on bad faith, or

14   whim or caprice." In re Aeravox, Inc., 269 B.R. 74, 80 (Bankr. D. Mass. 2001).

15        Here, Debtor seeks to sell the Miromesnil Property for 1,175,000€.  Debtor believes the

16   purchase price of 1,175,000€ is fair and maximizes the value of Debtor's assets.  Based upon the

17   foregoing, the Debtor submits that the sale of the Miromesnil Property is fair, equitable and a sound

18   business decision.  Debtor further believes the sale is in the best interests of creditors and the estate

19   and that the estate would be prejudiced if the Debtor does not sell the Miromesnil Property to BW.

20        **B.  The Court Should Approve The Proposed Sale To BW Free and Clear of Any and**

21            **All Liens, Claims or Encumbrance of Any Kind Pursuant To 11 U.S.C. §363(f)(4),**

22            **With The VP Bank Lien Attaching To The Net Sale Proceeds.**

23         Pursuant to 11 U.S.C. §363(f), the Debtor may sell property of the bankruptcy estate free and

24   clear of ***any interest*** in such property if: (1) applicable nonbankruptcy law permits sale of such

25   property free and clear of such interest; (2) such entity consents;  (3) such interest is a lien and the

26   price at which such property is to be sold is greater than the aggregate value of all liens on such

27   property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal

28   or equitable proceeding, to accept a money satisfaction of such interest.

Particularly relevant in this case is §363(f)(3) because the sale price for the Miromesnil Property is greater than the value of all liens against the property.  Because the sale price is greater than the aggregate value of all liens, 11 U.S.C. §363(f)(3) empowers this Court to authorize the Debtor's sale of that property free and clear of "any interest."  Precision Industries, Inc. v. Qualitech Steel SBQ, LLC, 327 F.3d 537, 545 (7th Cir. 2003).  The breadth of "any interest" as used in §363(f) is virtually unlimited and includes any "legal share in something; all or part of a legal or equitable claim or right in property."  Precision Industries, 327 F.3d at 545, *Quoting Black's Law Dictionary*, 816 (7th Ed. 1999).  As explained by the Seventh Circuit, Congress authorized the sale of estate property free and clear of "*any* interest" without exception.  Id.  Thus, §363 allows for the termination of "any interest" in estate property, including interests asserted by VP Bank.

**C.  The Sale To BW Should be Approved Under 11 U.S.C. §363(m).**

Section 363(m) provides protection to BW and the Miromesnil Property from a later appeal seeking to unwind the sale.  The sale of the Miromesnil Property qualifies for the Section 363(m) protections, as per the Ninth Circuit Bankruptcy Appellate Panel standards set forth in In re PW, LLC, 391 B.R. 25, at 35-37 (B.A.P. 9th Cir. 2008).  BW is a good faith purchaser with respect to Debtor's assets, as that term is used in section 363(m) of the Bankruptcy Code.  There is no relationship between the Debtor and BW.  The sale to BW was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion.  Neither Debtor, nor BW, have engaged in any conduct that would cause or permit the sale to be voided under section 363(n) of the Bankruptcy Code.

In this case, the certainty of the sale of clear title is essential to BW.  Therefore, BW is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Miromesnil Property.

**V.    CONCLUSION**

Based on the foregoing, the Debtor respectfully requests this Court approve the sale of the Miromesnil Property to BW, according to the terms of the Purchase Agreement.  Debtor further requests this Court waive the 14-day stay on or before the order granting this Motion under Fed. R. Bankr. P. 6004(h), so the sale may close immediately.  Debtor asks for this Court's approval of the payment of all Closing Costs as estimated above and for the turnover and surrender of the Net Sale

1  Proceeds from the Miromesnil Property to Debtor's bankruptcy estate and the jurisdiction of this

2  Court.

3       DATED this 11th day of February, 2019.

4                                                        DARBY LAW PRACTICE, LTD.

5                                                                /s/ Kevin A. Darby

6                                                        By:_____
                                                              KEVIN A. DARBY, ESQ.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**EXHIBIT 1**

1

2

3

4

5

6

7   Kevin A. Darby (NVSB #7670)
    Tricia M. Darby (NVSB #7956)
8   DARBY LAW PRACTICE, LTD.
9   4777 Caughlin Parkway
    Reno, Nevada 89519
10  Phone: (775)322-1237
    Facsimile: (775) 996-7290
11  kad@darbylawpractice.com
12  Attorney for Debtor

13

14                    UNITED STATES BANKRUPTCY COURT
                              DISTRICT OF NEVADA
15
     In re:                                Case No.: BK-N-18-51435-btb
16                                         Chapter 11
17   SHAUN DONALD RORY MCLEAN,
                                           **ORDER GRANTING MOTION: (1) TO**
18            Debtor.                      **SELL REAL PROPERTY FREE AND**
                                           **CLEAR OF LIENS (WITH CERTAIN**
19                                         **EXISTING LIENS ATTACHING TO NET**
                                           **SALE PROCEEDS) PURSUANT TO 11**
20                                         **U.S.C. §363; AND (2) FOR ORDER**
                                           **DIRECTING THE TURNOVER OF NET**
21                                         **SALE PROCEEDS PURSUANT TO 11 U.S.C.**
                                           **§542**
22
23                                         Hearing Date:   March 12, 2019
24   _____/     Hearing Time:  11:00 a.m.

25         Upon the *Motion To Sell Real Property Free and Clear of Liens (With Certain Existing*

26  *Liens Attaching To net Sale Proceeds) Pursuant To 11 U.S.C. §363*, filed February 11, 2019 (the

27  "Motion"), by Debtor SHAUN DONALD RORY MCLEAN (the "Debtor"), in which Debtor seeks

28  an order under 11 U.S.C. §§363 and 542, and Fed. R. Bankr. P. 2002, 6004 and 9014, approving the

sale of 20 rue de Miromesnil, Paris, France 75008 (the "Miromesnil Property") to BW GROUPE ("BW") for cash in the amount of 1,175,000€ ($1,324,399) and for an order directing the turnover of the net sales proceeds to the Debtor's bankruptcy estate; and the Motion having come before this Court on a duly noticed hearing, and having considered all objections and arguments for and against the Motion, and good cause appearing; and finding:

1.    BW is not an insider of the Debtor or otherwise related or affiliated with the Debtor in any way.

2.    BW is acquiring the Miromesnil Property "as is", without warranties or representations.

3.    The sale of Miromesnil Property to BW is free and clear of any lien, claim or encumbrance pursuant to 11 U.S.C. §363(f).

4.    A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities

5.    The Debtor is the sole and lawful owner of Miromesnil Property to be sold to BW and the Miromesnil Property is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. §541.

6.    No qualifying or competing bids were submitted.

7.    The offer of BW to purchase the Miromesnil Property is the highest and best offer received by the Debtor.  The purchase price to be paid by BW is fair and reasonable market value for the Miromesnil Property.

8.    BW is a good faith purchaser with respect to the Miromesnil Property, within the meaning of section 363(m) of the Bankruptcy Code. The sale to BW was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion, and BW therefore is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the assets. Neither the Debtor nor BW has engaged in any conduct that would cause or permit the sale to be voided under Section 363(n) of the Bankruptcy Code.

9.    BW shall not assume or become liable for any pre-petition liens, claims, interests and/or encumbrances relating to Miromesnil Property by the Debtor.  Any valid and enforceable liens, claims, interests and/or encumbrances, including the provisoirement une hypothèque (a provisional mortgage) asserted against the Miromesnil Property by VP Bank (the "VP Bank Lien"), shall attach

-2-

1   to the proceeds of the sale with the same priority, validity, and enforceability as they had

2   immediately before the closing of the sale.

3       10.   The Debtor has articulated sound business reasons for selling the Miromesnil Property

4   as set forth in the Motion, and it is a reasonable exercise of the Debtor's business judgment to

5   execute, deliver and consummate the sale with BW and consummate the transactions contemplated

6   by the Motion and as set forth in this Order.

7       11.   The terms and conditions of the sale, including the total consideration to be realized by

8   the Debtor, are fair and reasonable, and the transactions contemplated by the Motion, as approved

9   by this Order, are in the best interests of the Debtor, its creditors and the estate.

10      12.   A valid business purpose exists for approval of the transactions contemplated by the

11  Motion pursuant to sections 105, 363(b), (f), and (m) of the Bankruptcy Code. The Debtor may sell,

12  transfer and assign Miromesnil Property free and clear of all liens, claims, interests and/or

13  encumbrances in accordance with sections 105 and 363 of the Bankruptcy Code.

14      13.   The transfer of Miromesnil Property to BW is or will be a legal, valid and effective

15  transfer of Miromesnil Property, and will vest BW with all right, title and interest in and to

16  Miromesnil Property, free and clear of all liens, claims, interests and/or encumbrances.

17      14.   The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other

18  applicable law relating to the sale of Miromesnil Property have been satisfied.

19      NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

20  **A. SALE OF ASSETS APPROVED; TRANSACTIONS AUTHORIZED.**

21      15.   The Motion is GRANTED.

22      16.   All objections to the Motion or the relief requested therein that have not been withdrawn,

23  waived, or settled, and all reservations of rights included in such objections, are overruled on the

24  merits and denied.

25      17.   The Motion, the underlying purchase agreements and the transactions contemplated

26  thereby are approved pursuant to Section 363(b) and (f) as modified by this Order, and the Debtor

27  is hereby authorized and empowered to perform their obligations under the Purchase Agreement and

28  to act as necessary to effectuate the sale without further corporate authorization or Order of this

1 Court.

2 **B. TRANSFER OF THE ASSETS TO BW.**

3    18.  The transfer of Miromesnil Property to BW constitutes a legal, valid and effective transfer

4 and shall vest BW with all right, title and interest of the Debtor in and to Miromesnil Property free

5 and clear of all claims, liens and encumbrances.

6    19.  The following costs of sale and claims (the "Costs of Sale") shall be disbursed directly

7 from escrow as follows:

| Payee | Amount | Description |
|---|---|---|
| Barattte | € 17,736 | Syndic (HOA fees) |
| tbd | € 732.40 | Escrow trustee fees |
| Paris/France | € 94,837.00 | Plus Value Tax (capital gains) |
| tbd | € 5,620.00 | SARF fees (tax representative) |
| Paris/France | € 9,000.00 | Frais de Mainlevée (transfer tax) |
| tbd | € 132,17 | Copies |

13    20.  After payment of the approved Costs of Sale, all net sales proceeds shall be turned over

14 and surrendered to the Debtor's bankruptcy estate and the jurisdiction of this Court.

15    21.    This Order shall be binding upon, and shall inure to the benefit of, the Debtor and

16 BW and their respective successors and assigns, including, without limitation, any trustee appointed

17 in a chapter 7 case if the Debtor's case is converted from chapter 11.

18    22.    The provisions of this Order authorizing the sale of Miromesnil Property free and

19 clear of liens, claims and encumbrances (with such liens, claims and encumbrances to attach to the

20 proceeds of the sale of the Miromesnil Property as provided in this Order) shall be self-executing,

21 and neither the Debtor, BW nor any other party shall be required to execute or file releases,

22 termination statements, assignments, cancellations, consents or other instruments to effectuate,

23 consummate and/or implement the provisions hereof with respect to such sale; provided, however,

24 that this paragraph shall not excuse such parties from performing any and all of their respective

25 obligations under this Order. Without in any way limiting the foregoing, BW is empowered to

26 execute and file releases, termination statements, assignments, consents, cancellations or other

27 instruments to effectuate, consummate and/or implement the provisions hereof with respect to such

28 sale.

**C. GOOD FAITH PURCHASE.**

23.  The purchase of Miromesnil Property by BW is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code, and BW is entitled to all of the protections afforded good faith purchasers by section 363(m) of the Bankruptcy Code.

24.  The sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

25.  The sale approved by this order shall be free and clear of all liens, claims and encumbrances.

26.  Following the closing date, except for persons entitled to enforce assumed liabilities and permitted liens, all persons (including, but not limited to, the Debtor and/or their respective successors (including any trustee), creditors, investors, current and former employees and shareholders, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) holding interests in the Miromesnil Property or against the Debtor in respect of Miromesnil Property of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing any Interests of any kind or nature whatsoever against BW or any affiliate of BW or any of their respective property successors and assigns, or Miromesnil Property, as an alleged successor or on any other grounds, it being understood that nothing herein shall affect assets of the Debtor that are not Miromesnil Property.

27.  No Person shall assert, and BW and Miromesnil Property shall not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including, without limitation, any right of recoupment), liabilities, claims and interests, or basis of any kind or nature whatsoever to delay, defer, or impair any right of BW or the Debtor, or any obligation of any other party, under or with respect to, Miromesnil Property, with respect to any act or omission that occurred prior to the closing or with respect to any other agreement or any obligation of Debtor that is not an expressly assumed liability.

///

1

2

3

28.  Following the closing of the sale to BW, no holder of any interest shall interfere with BW's title to, or use and enjoyment of, Miromesnil Property based on, or related to, any such interest, or based on any actions the Debtor may take in their Chapter 11 case.

4

**D.  TURNOVER OF NET SALES PROCEEDS**

5

6

7

8

29.      Pursuant to 11 U.S.C. §542, after payment of the Costs of Sale authorized by this Order, all net sales proceeds shall be immediately turned over and surrendered to the Debtor's bankruptcy estate and the jurisdiction of those Court, and be sent to Debtor's court approved reorganization counsel as follows:

9

10

11

> Bankruptcy Estate of Shaun Donald Rory McLean
> c/o Darby Law Practice, Ltd.
> 4777 Caughlin Parkway
> Reno, NV 89519

12

13

14

15

30.      The pre-judgment lien called (provisoirement une hypothèque) asserted against the Miromesnil Property by VP Bank shall attach as a lien against the net sale proceeds from the sale of the Miromesnil Property to the same extent, and in the same priority, as that lien attached to the Miromesnil Property.

16

17

18

19

31.      Once received by Debtor's counsel, the net sale proceeds from the Miromesnil Property shall be deposited into the bankruptcy estate's debtor in possession bank account and be held and frozen pending resolution of VP Bank's claim against the Miromesnil Property or further order of this Court.

20

**E.  ADDITIONAL DECREES.**

21

22

32.  The recitals and findings of facts set forth above are hereby incorporated as a part of this Order.

23

24

25

26

33.  As provided by Fed. R. Bankr. P. 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry. Notwithstanding Bankruptcy Rules 6004(h), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

27

34.  The provisions of this Order are nonseverable and mutually dependent.

28

35. Nothing contained in any plan confirmed in this case or the order of confirmation

1   confirming any such plan shall conflict with or derogate from the terms of this Order.

2       36.  This Order shall be binding upon and inure to the benefit of the Debtor, BW and each

3   of their respective former, present, and future assigns, predecessors, successors, affiliates, parent

4   companies, subsidiaries, controlled companies, employees, officers, directors, shareholders,

5   principals, members or agents, whether a signatory hereto or not, including, but not limited to, any

6   subsequently appointed trustee (including without limitation a chapter 7 trustee).

7       37.  This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and

8   the Motion and to resolve any dispute concerning this Order, the Motion, or the rights and duties of

9   the parties hereunder or thereunder or any issues relating to the Motion and this Order, including,

10  but not limited to, interpretation of the terms, conditions and provisions thereof, and the status, nature

11  and extent of the Miromesnil Property, and all issues and disputes arising in connection with the

12  relief authorized herein, inclusive of those concerning the transfer of the Miromesnil Property free

13  and clear of all liens, encumbrances, security interests and claims of any kinds and nature

14  whatsoever.

15      38.  The division of this Order into sections or other subdivisions and the insertion of

16  headings are for convenience of reference only and shall not affect or be utilized in construing or

17  interpreting this Order.

18      39.  Entry of this Order is in the best interests of the Debtor, the Debtor's estate, his creditors,

19  and other parties in interest.

20   IT IS SO ORDERED.

21  SUBMITTED BY :

22  DARBY LAW PRACTICE, LTD.

23

        /s/ Kevin A. Darby
24  By:_____

25      KEVIN A. DARBY, ESQ.
        4777 Caughlin Parkway
26      Reno, Nevada 89519
        Attorney for Debtor
27

28                                  # # #

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In accordance with LR 9021, counsel submitting this document certifies as follows:

_____    The Court has waived the requirement of approval under LR 9021.

_____    This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated on said order.

_____    I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

_____    No party appeared at the hearing or filed an objection to the motion.

DARBY LAW PRACTICE, LTD.


By:    _/s/ Kevin A. Darby_ _

KEVIN A. DARBY, ESQ.

-8-